UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL BRYANT | : |
| | : |
| | : CIVIL ACTION NO. |
| | : 3:17-cv-1374-VAB |
| V. | : |
| | : |
| | : |
| CITY OF HARTFORD, ET AL | : JUNE 18, 2020 |

**MOTION FOR PROTECTIVE ORDER AND TO SHOW CAUSE**

The defendants in the above referenced action collectively and jointly move this Court to issue a protective order and order to show cause, as a result of plaintiff's counsel, Attorney Wesley Spears' conduct in violation of Local Rule 30(a), in inviting a third party journalist, Alexander Wood, to attend and participate in a remote videoconference deposition which took place the afternoon of June 17, 2020, of defendants' police practices expert, Daniel Wicks. Attorney Spears arranged for the participation and attendance of Mr. Wood in the remote deposition, without first notifying defense counsel or the court reporter that there was an additional third party in the remote deposition "room", and by keeping silent until the court reporter eventually asked Mr. Wood to identify himself more than half way through the deposition proceedings.   At all times until that time, neither Attorney Spears nor Mr. Wood identified or notified defense counsel, or the court reporter, that Mr. Wood was not the technical assistant to the court reporting agency that coordinated the remote deposition technology, or a paralegal or assistant of Attorney Spears' office, but rather, a journalist who had been secretly attending and audio recording the proceedings as they were occurring and without the prior knowledge and consent of the deponent, Mr. Wicks, or undersigned counsel for the defendants.

1

Once the deponent, court reporter and defense counsel were made aware of Mr. Wood's identity as a third party journalist, Attorney Spears and Mr. Wood's response to the defense counsel's objection as to having been blind-sided by the flagrant omission to the other parties and witness to the proceeding, the response given was that "you never asked."  It should be noted that although all counsel and the witness participated by video and therefore appeared on the screen, Mr. Wood did not activate his video and merely appeared with a screen name, further evidence of an attempt to allude any fair, identification.

The defendants jointly request that this Court issue a protective order against Mr. Alexander Wood and the Journal Inquirer from publishing or disseminating any recording or information obtained while covertly attending the private deposition.  In addition, given the egregious violation of professional conduct by Attorney Spears the defendants jointly request that the Court issue an order to show cause to Attorney Spears to identify on what legal grounds he invited a journalist to the deposition proceedings which are private proceedings under Local Rule 30(a), and on what authority and legal basis he claims he can assist a non-party in attending a deposition without giving any advance notice to the deponent, Mr. Wicks, or to undersigned counsel, prior to the start of questioning.    Finally, the defendants seek any further relief and sanction that the Court deems appropriate.

In support of this motion, the defendants represent as follows:

Due to the Covid-19 pandemic, the deposition of the defendants' expert witness, Mr. Daniel Wicks, was scheduled as a virtual, remote deposition for the afternoon of June 17, 2020. The deposition was noticed by Attorney Spears through his coordination with the technology team at Brandon Legal Tech, LLC Court Reporters ("Brandon").  Attorney Spears had previously requested the email addresses of the deponent and defense counsel, to provide to

Brandon which was done so that Brandon could send each participant an email invitation link to the remote deposition.

At the remote deposition virtual screen, there were only four people visible by camera as attending, Attorney Wesley Spears, Nathalie Feola-Guerrieri, James Williams and Mr. Wicks.  In addition, there were two name icons; one was the court reporter's name, and the other was Alex Wood.  When the deposition began, there was a male voice that was heard, who identified himself as someone from Brandon Court Reporting, who set up and coordinated the deposition.  Counsel for the defendants assumed that this was Mr. Wood.

The deposition began, but as discovered during a later break in the deposition, the court reporter forgot to have everyone identify themselves as is standard procedure.  The deposition went on for a period of time and a break was taken.  Following the break, the court reporter must have realized she forgot to have the individuals identify themselves and asked all to do so.  There was no response form the person identified as Alex Wood, and when defense counsel asked him to identify himself and what office he was with, Attorney Spears said that Mr. Wood was a reporter from the Journal Inquirer. At that point, Mr. Wood confirmed that he was in fact, a reporter and that in addition to attending he was audio recording the proceeding.  Counsel for defense indicated their objection to his participation any further in the proceedings and indicated their intent to seek court intervention.

Defense counsel has subsequently discovered that Attorney Spears specifically requested that Brandon Court Reporters send Mr. Wood an invite/link to the deposition, without copying defense counsel.  At no point prior or during the deposition -to the point of discovery - did Attorney Spears ever mention who Mr. Wood was or that he was listening, watching and taking an audio recording and most likely taking notes during the deposition.

3

Neither Mr. Wicks nor defense counsel consented to the secret participation and recording of the communications being had. When it was discovered who Mr. Wood was (i.e. not someone from Brandon Reporting) he was told to leave the deposition. Plaintiff's counsel did not provide any explanation to the defendants' counsel as to why Mr. Wood was viewing the deposition or why they were not notified of his attendance. Attorney Spears said he was going to provide Mr. Wood "with a copy of the deposition transcript anyway".

Local Rule 30(a) provides:

(a) Attendance

Depositions on oral examination or on written interrogatories are deemed to constitute private proceedings which the public is not entitled to attend. Any person other than the witness being deposed, the parties to the action, the parent of a minor deponent, counsel for the witness or any party, or any person who has been disclosed by any party as an expert witness in the case shall, at the request of counsel for any party, or the witness, be excluded from the hearing room while the deposition of any person is being taken. Application for an exception to this rule may be made to the presiding Judge.

Plaintiff's counsel deliberately violated this rule and intentionally failed to notify defense counsel or Mr. Wicks, of Mr. Wood's attendance under circumstances where he knew that defendants did not appreciate his presence and would not have consented if so notified. This case alleges police excessive force and received significant coverage when the incident occurred. The overt violation of Local Rule 30(a) by plaintiff's counsel with the secret inclusion of Mr. Wood, who is a "crime and courts" reporter for the Manchester Journal Inquirer, during time of national unrest over certain police officers' actions in this matter should not be condoned.

Wherefore, based on the forgoing, the defendants respectfully move this Court for an Order prohibiting Mr. Wood or the Journal Inquirer from receiving any documents, transcripts or exhibits from Mr. Wick's deposition; requiring him to destroy the secret audio recording he made without the consent of the deponent and defense counsel, and prohibiting his use of the

4

information gathered during his unauthorized participation in the scheme; prohibiting plaintiff's counsel from further violating Local Rule 30(a); and to issue an Order to Show Cause to Attorney Spears to identify the legal grounds and basis for his actions, why Mr. Wood was allowed to observe the deposition in violation of Local Rule 30(a) and why counsel for the defendants were not made aware of his attendance, and any and all other relief that the Court deems appropriate.

                THE DEFENDANTS
                Robert Fogg
                Brian Salkeld
                John Doe
                Jane Doe

BY: */s/ James G. Williams*
James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT  06473
Telephone: 203-234-6333
Facsimile: 203-234-6330
Federal Bar No. ct01938
jwilliams@wwolaw.com

THE DEFENDANTS
City of Hartford, and Chief James Rovella

BY: /s/*Nathalie Feola-Guerrieri*
Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel
Office of the Corporation Counsel
550 Main Street, Suite 210
Hartford, CT 06103
Tel:  (860) 757-9700
Fax: (860) 722-8085
Federal Bar No. ct17217
Email:  feoln001@hartford.gov

**CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

      BY: */s/ James G. Williams*
      James G. Williams, Esq.