## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL BRYANT,<br>    *Plaintiff*,<br><br>    v.<br><br>CITY OF HARTFORD et al.,<br>    *Defendants*. | No. 3:17-cv-01374 (VAB) |

## RULING AND ORDER ON MOTIONS IN LIMINE

Samuel Bryant ("Plaintiff") has sued Hartford police officers, Officer Robert Fogg, and Detective Brian Salkeld (together, "Hartford Police Officers"), Chief James C. Rovella, and the City of Hartford, Connecticut (collectively, with the Hartford Police Officers, "Defendants"), alleging claims arising from police conduct during and after his arrest on June 28, 2015. Am. Compl., ECF No. 35 (Mar. 23, 2018).

Following the Court's Ruling and Order granting in part and denying in part Defendants' motion for summary judgment, *see* Ruling and Order on Mot. for Summ. J., ECF No. 103 (Sept. 30, 2021) ("Ruling and Order"), Mr. Bryant filed four motions *in limine* seeking additional peremptory challenges [ECF No. 121] and to exclude certain categories of evidence [ECF Nos. 122, 123, and 126]. Mr. Bryant also has filed amended exhibit and witness lists [ECF Nos. 129, 131, 133, 135, 136].

Officer Robert Fogg and Detective Brian Salkeld have filed a motion *in limine* seeking to limit various categories of evidence [ECF No. 118]. Additionally, the City of Hartford has filed a motion *in limine* to preclude references to the remaining claim against it [ECF No. 119], as well as any new evidence or witnesses contained in Mr. Bryant's amended exhibit and witness lists [ECF No. 137].

1

For the reasons outlined below, Officer Fogg and Detective Salkeld's [118] Motion *in Limine* is **GRANTED IN PART** as to the exclusion of references to Black Lives Matter and nationally publicized incidents of police misconduct, the testimony of witnesses not previously disclosed during discovery, and testimony and other evidence relating to the events on which summary judgment has been granted, and **DENIED IN PART** as to testimony or other evidence on Defendants' past uses of force, disciplinary history, and prior lawsuits, without prejudice to renewal at trial.

The City of Hartford's [119] Motion *in Limine* to exclude any references to the remaining indemnification claim against it is **GRANTED**.

Mr. Bryant's [121] Motion *in Limine* for additional peremptory challenges is **GRANTED**; [122] Motion *in Limine* to exclude his convictions that are more than ten years old is **DENIED**, without prejudice to renewal at trial; [123] Motion *in Limine* to exclude the testimony of the Defendants' expert Daniel Wicks is **DENIED**, without prejudice to renewal at the time of trial; and [126] Motion *in Limine* to exclude previously undisclosed cell phone video footage is **GRANTED**. Mr. Bryant's [129] Motion to Amend/Correct the Exhibit List to include a map of certain areas of the City of Hartford is **GRANTED**, subject to the conditions described below.

Defendants' [137] motion to preclude the witnesses and evidence identified in Mr. Bryant's amended witness and exhibit lists is **GRANTED**. These additional witnesses and evidence are precluded, with the exception of information pertaining to the City of Hartford's revenue and expenditures, which is **DENIED** without prejudice to renewal at trial.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the facts and prior proceedings, as detailed in the Court's September 30, 2021 Ruling and Order, is assumed. Ruling and Order.

On September 30, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment. *Id.* at 1, 36. The Court granted summary judgment in favor of the Hartford Police Officers on Mr. Bryant's claim that they failed to render adequate medical assistance, and denied summary judgment as to Mr. Bryant's remaining claims, thereby allowing the following claims to proceed to trial: (1) excessive force, (2) assault and battery, (3) negligent infliction of emotional distress, (4) negligence, (5) statutory municipal liability, (6) reckless and/or willful conduct, (7) intentional infliction of emotional distress, and (8) failure to intervene. *Id*.

As to the excessive force claim, the Court permitted the case to proceed to trial against the Hartford Police Officers only with respect to the events that took place after the assault to which Mr. Bryant already had pled guilty under Conn. Gen. Stat. § 53a-167c(a)(1), and after the initial use of the taser against Mr. Bryant, when he fled after the assault. *Id*. at 1–2, 17, 23–26.

On November 12, 2021, the parties filed their Joint Trial Memorandum. Joint Trial Mem., ECF No. 117 (Nov. 12, 2021) ("Joint Trial Mem.").

The same day, Officer Fogg and Detective Salkeld moved *in limine* to exclude various categories of evidence. Def. Officers' Fogg's and Salkeld's Omnibus Mot. in Lim., ECF No. 118 (Nov. 12, 2021) ("Hartford Police Officers Mot."). The City of Hartford also filed a motion *in limine* to preclude references to the remaining indemnification claim against it. City of Hartford's Mot. in Lim. to Preclude Reference to Pl.'s Statutory Claim Against City of Hartford, ECF No. 119 (Nov. 12, 2021) ("City of Hartford Mot.").

On November 16, 2021, Mr. Bryant filed motions *in limine* seeking additional peremptory challenges, Mot. in Lim. Request for Additional Peremptory Challenges, ECF No. 121 (Nov. 16, 2021), and to exclude certain categories of evidence, Mot. to Exclude Convictions of the Pl., ECF No. 122 (Nov. 16, 2021); Mot. in Lim. to Exclude the Testimony of Def.'s Expert Daniel Wicks, ECF No. 123 (Nov. 16, 2021). The Court thereafter granted Mr. Bryant's motion for leave to file his motions *in limine nunc pro tunc*. Order, ECF No. 130 (Nov. 18, 2021).

On November 18, 2021, Mr. Bryant filed an additional motion *in limine*, Mot. in Lim. to Exclude the Ex. on Def.'s Am. Ex. List Filed on November 17, 2021, ECF No. 126 (Nov. 18, 2021) ("Pl. Mot. to Exclude Exs."), as well as a proposed amended exhibit list, Pl.'s Am. Ex. List, ECF No. 129 (Nov. 18, 2021).

Mr. Bryant also filed proposed amended witness and exhibit lists on November 19, 22, 26, and 29, 2021. Pl.'s Am. Witness List, ECF No. 131 (Nov. 19, 2021); Pl.'s Am. Witness List, ECF No. 133 (Nov. 22, 2021); Pl.'s Am. Witness List, ECF No. 135 (Nov. 26, 2021); Pl.'s Am. Ex. List, ECF No. 136 (Nov. 29, 2021).

On December 3, 2021, the City of Hartford filed an objection to Mr. Bryant's amended witness and exhibit lists. City of Hartford's Obj. to Pl.'s Am. Witness and Ex. List and Mot. to Preclude Evid. on Dismissed Claims, ECF No. 137 (Dec. 3, 2021) ("City of Hartford Opp'n"). Mr. Fogg and Mr. Salkeld joined the City of Hartford in its objection in full. Def. Officers' Fogg's and Salkeld's Obj. to Pl.'s Am. Witness and Ex. List and Mot. to Preclude Evid., ECF No. 138 (Dec. 3, 2021).

On December 14, 2021, Officer  Fogg and Detective Salkeld filed objections to Mr. Bryant's motions *in limine*. Def. Officers' Fogg's and Salkeld's Obj. to Pl.'s Mot. in Lim. to Exclude Convictions of the Pl., ECF No. 140 (Dec. 14, 2021); Def. Officers' Fogg's and

Salkeld's Obj. to Pl.'s Mot. in Lim. to Exclude the Ex. on Def.'s Am. Ex. List, ECF No. 141 (Dec. 14, 2021) ("Defs.' Opp'n to Mot. to Exclude Exs.").

On November 17, 2021, the Court set the final pre-trial conference for January 11, 2022, with jury selection and trial to begin on January 18, 2022. Min. Entry, ECF No. 127 (Nov. 17, 2021).

On December 21, 2021, Detective Salkeld moved to modify the scheduling order to continue the dates for the pre-trial conference and jury selection. Mot. to Modify Scheduling Order and Mot. for Conference with Court, ECF No. 142 (Dec. 21, 2021).

The Court held a status conference on December 22, 2021, and subsequently ordered the parties to file proposed dates for the pre-trial conference and jury selection by January 5, 2022. Min. Entry, ECF No. 144 (Dec. 23, 2021).

On December 31, 2021, the Court granted Detective Salked's motion to modify the scheduling order, and continued the pre-trial conference until May 4, 2022, with jury selection and the trial date to take place on May 9, 2022. Order, ECF No. 146 (Dec. 31, 2021).

## II.   STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB),

2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve

judgment on some or all motions *in limine* until trial so that the motions are placed in the

appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*,

937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III.   DISCUSSION

### A.  Defendants' Motion *in Limine*

Officer Fogg and Detective Salkeld seek to limit the following evidence: (1) any

references to Black Lives Matter or nationally publicized police misconduct cases, Hartford

Police Officers Mot. at 7–9; (2) any testimony about the Defendant officers' prior use of force,

disciplinary history, and past lawsuits, *id*. at 9–15; (3) any testimony from a witness not

previously disclosed during discovery, *id*. at 15–19; and (4) any discussion of the events on

which summary judgment has been granted, *id*. at 19.

The Court will address each of these requests in turn.

### 1.  Motion to Preclude References to Black Lives Matter and Nationally Publicized Incidents of Police Misconduct

Federal Rule of Evidence 403 permits courts to "exclude [any] relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice under Rule 403 "may be

created by the tendency of the evidence to prove some adverse fact not properly in issue or

unfairly to excite emotions against the defendant." *United States v. Quattrone*, 441 F.3d 153, 186

(2d Cir. 2006) (citation omitted). To warrant excluding evidence under this Rule, "[t]he prejudice

must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues

before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id*.

"At trial[,] the jury must consider plaintiff's claims of excessive force by [the] officer defendants involved in his arrest . . . , and determine whether their actions violated the Constitution." *Bermudez v. City of New York*, No. 15-CV-3240 (KAM) (RLM), 2019 WL 136633, at *9 (E.D.N.Y. Jan. 8, 2019).

Officer Fogg and Detective Salkeld argue that Mr. Bryant should be precluded from "offering testimony, evidence, argument or comment on the Black Lives Matter movement or any other nationally publicized instance of alleged police misconduct, as such matters are irrelevant to the issues and overly prejudicial." Hartford Police Officers Mot. at 7–8. Mr. Bryant has not responded to this request.

The Court agrees with Defendants that generic references to social movements and nationally publicized incidents of police misconduct that are not the subject of Mr. Bryant's claims would tend to confuse the jury about the facts of the case and applicable law. *See Bermudez*, 2019 WL 136633, at *9 ("[E]vidence concerning police misconduct in general . . . risks confusion and prejudice under Rule 403, leading the jury to find that *these defendants* acted in conformity with the alleged misconduct of other officers."); *Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *6 (S.D.N.Y. Sept. 26, 2018) (precluding references to "unrelated instances of police misconduct or lawsuits against the police, including those reported in the news media[,]" as "irrelevant to the task before the jury" and "prejudicial because they are made . . . to suggest that the Defendant . . . may have acted in conformity with the wrongful conduct of other officers").

Accordingly, the Court will grant this portion of Officer Fogg and Detective Salkeld's motion and exclude references to the Black Lives Movement and nationally publicized incidents of police misconduct under Rule 403.

### 2.  Motion to Preclude References to Defendants' Prior Uses of Force, Disciplinary History, and Past Lawsuits

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence may be admissible, however, for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The decision whether to admit evidence under Rule 404(b) turns on "whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988).

Officer Fogg and Detective Salkeld seek to prohibit the introduction of evidence relating to their prior uses of force and disciplinary history, as well as past lawsuits that have been brought against them in their capacity as police officers. Hartford Police Officers Mot. at 11–15. They argue that this evidence is "irrelevant to [Mr. Bryant's] claims, and, to the extent [it] has any probative value . . . is substantially outweighed by the danger of unfair prejudice, juror confusion, and waste of time." *Id.* at 11. Officer Fogg and Detective Salkeld contend that "[a]ny attempt by [Mr. Bryant] to introduce such evidence would be solely for the purpose of suggesting that Officers Fogg and Salkeld have a propensity to engage in misconduct, which is prohibited." *Id.* at 12–13. They further assert that while they have been sued in other federal

lawsuits in connection with their employment as police officers, "[n]one of these cases has any probative value" to the facts of this case. *Id*. at 14.

While evidence of Officer Fogg and Detective Salkeld's disciplinary history, prior uses of force, and involvement in past lawsuits may be precluded under Rule 404(b), *see Jackson v. City of White Plains*, No. 05-CV-0491 (NSR), 2016 WL 234855, at *2 (S.D.N.Y. Jan. 19, 2016) (excluding under Rule 404 evidence of defendant police officer's prior uses of force, as none of the acceptable uses of such evidence were relevant to the plaintiff's excessive force claims), it is not clear for what purpose(s) Mr. Bryant intends to offer this evidence at trial. The Court also cannot conclude at this stage that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

Accordingly, the Court will reserve judgment on Defendants' request until these issues are placed in context at trial. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 937 F. Supp. at 287 (reserving judgment on motion *in limine* until trial, "when admission of particular pieces of evidence is in an appropriate factual context").

### 3.  Motion to Preclude Evidence and Testimony from Witnesses Not Previously Disclosed

Rule 26(a) requires parties to a litigation to make initial disclosures, including:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment, [and] (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(A). Parties must supplement their Rule 26(a) disclosures when they learn that the information provided in their initial disclosures was incomplete. Fed. R. Civ. P.

26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial [under] Rule 37(c)(1)." *Leong v. 127 Glen Head Inc.*, No. CV135528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal citations and quotation marks omitted). When considering whether to preclude evidence or witness testimony, district courts in this Circuit are instructed to assess several factors, including "the party's explanation for the failure to disclose," "the importance of the evidence to be precluded," "the prejudice suffered by the opposing party if the evidence were not precluded," and "the possibility of a continuance." *Widman v. Stegman*, No. 3:13-CV-00193 (BKS/DEP), 2015 WL 13832105, at *4 (N.D.N.Y. Apr. 28, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Officer Fogg and Detective Salkeld seek to exclude certain witnesses identified by Mr. Bryant in the Joint Trial Memorandum—Tatiano Serrano and "[u]nidentified eyewitnesses" to Mr. Bryant's arrest—on the grounds that Mr. Bryant did not disclose these individuals to the Defendants in his initial disclosures or in response to Defendants' discovery requests. Hartford Police Officers Mot. at 16–17. Officer Fogg and Detective Salkeld further seek to exclude two exhibits listed in the joint trial memorandum, entitled "Video of Defendant speaking to New Britain Police officer bragging about beating Samuel Bryant" and "Video of Officers meeting on the street and discuss[ing] the prior beating of Samuel Bryant," because Mr. Bryant also did not identify these videos during the discovery process. *Id*. at 18.

Mr. Bryant has not objected to or otherwise responded to Defendants' motion to exclude the previously undisclosed witnesses and evidence. Thus, he "ha[s] not provided a compelling explanation for [his] failure to provide at an earlier date" the disputed evidence or identities of the additional witnesses. *Fleisig v. ED&F Man Cap. Mkts., Inc.*, No. 19-CV-8217 (DLC), 2021 WL 2494889, at *2 (S.D.N.Y. June 18, 2021). This failure to disclose has prejudiced the Defendants, who are unable, at this late stage of the case, to test the reliability of Mr. Bryant's evidence or depose the witnesses first identified in the Joint Trial Memorandum. *Id.*; *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 71 (E.D.N.Y. 2012) (plaintiffs were prejudiced by defendants' failure to produce time records "that should have been produced to plaintiffs more than a year ago, thereby depriving plaintiffs of the ability to challenge the [ ] [d]eclaration").

As Mr. Bryant first identified the disputed witnesses and evidence more than one year following the close of discovery, *see* Scheduling Order, ECF No. 58 (Dec. 5, 2019) (ordering all discovery to be completed by March 20, 2020), and as the identities of the "[u]nidentified eyewitnesses" and videos named in the exhibits have not been provided to the Defendants, *see* Hartford Police Officers Mot. at 18, the Court agrees with Officer Fogg and Detective Salkeld that Mr. Bryant's failure to disclose the witnesses and exhibits before the filing of the joint trial memorandum is neither substantially justified nor harmless.

Accordingly, the Court will preclude the admission of this testimony and these exhibits at trial. *See Richmond v. Gen. Nutrition Ctrs., Inc.*, No. 08-CV-3577 (PAE) (HBP), 2012 WL 762307, at *5 (S.D.N.Y. Mar. 9, 2012) (court would preclude at trial any damages-related computations and supporting documents not produced by plaintiffs during discovery, as non-production was neither substantially justified nor harmless); *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-CV-9790 (LTS) (MHD), 2011 WL 280815, at *11 (S.D.N.Y. Jan. 10,

2011) (precluding defendants from "utilizing, either on summary judgment or at trial, any documents not produced to plaintiffs during the specified discovery period").

### 4. Motion to Preclude Testimony on Events Before the Assault

"[T]he court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause of action." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011).

 Officer Fogg and Detective Salkeld seek to prohibit Mr. Bryant from "offering any testimony or evidence questioning, critiquing, or criticizing the actions of the defendants prior to the plaintiff's assault on the defendant officers." Hartford Police Officers Mot. at 19. In addition, they ask the Court to preclude Mr. Bryant from "offering testimony that the initial stop, *Terry* pat down, questioning and actions of the officers when the plaintiff fled and assaulted them was in any way improper." *Id.*

The Court agrees that testimony on any of the events that took place before the assault to which Mr. Bryant has pled guilty under Connecticut General Statute § 53a-167c(a)(1) and before the initial use of the taser against Mr. Bryant, when he fled after the assault, would run the risk of confusing the jury, as Mr. Bryant's claims as they relate to these incidents have been dismissed from the case on summary judgment. *See* Ruling and Order at 1–2, 17.

Accordingly, the Court will grant this portion of Officer Fogg and Detective Salkeld's motion with respect to testimony and other evidence relating to the events on which summary judgment has been granted.

### B. Defendant's Motion *in Limine* Re: Remaining Claim Against the City of Hartford

"Courts have concluded that evidence of indemnification is generally inadmissible as irrelevant." *Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *4

(N.D.N.Y. Sept. 16, 2016) (citing cases). The fact that a municipal defendant "may or may not cover damages assigned to [a government defendant] will not make more or less likely some fact of consequence to the litigation, and would serve only to encourage the jury to confuse the issues and render a decision based on the financial condition of the parties, which is not material to this dispute." *Id.*; *Gierlinger v. Gleason*, No. 89-CV-0686E(F), 1995 WL 591103, at *4 (W.D.N.Y. Sept. 15, 1995) (the fact that defendant, if found liable to plaintiff, may be indemnified "is a collateral issue not relevant to the matters at hand," and "[a]ny evidence or intimation concerning the source of [defendant's] defense is, [under] Federal Rule of Evidence 403, not admissible").

If a defendant testifies as to an inability to pay a damages award against him, however, courts have permitted the plaintiff to introduce evidence of indemnification. *Ferreira*, 2016 WL 4991600, at *4; *Hogan v. City of New York*, No. 04-CV-3298, 2008 WL 189891, at *6 (E.D.N.Y. Jan. 18, 2008) ("[I]ndemnification evidence is a shield to rebut claims of limited resources by officers.").

The City of Hartford moves *in limine* to preclude Mr. Bryant from referencing his statutory claim of indemnification against the City under Connecticut General Statute § 52-557n. The City argues that "[t]he issue of whether or not [it] is liable to [Mr. Bryant] [under] C.G.S. § 52-557n is ultimately a question of law for the Court, once a jury renders a verdict on . . . [Mr. Bryant's] negligence claims contained in Count Four against each of the Defendant Officers." City of Hartford Mot. at 2. The City further contends that there is a high risk of prejudice to the City "[from] the implication at trial that the City is responsible to pay any damages" resulting from a verdict in favor of Mr. Bryant. *Id*. at 3. In the City's view, "there is no probative value" in permitting references to Mr. Bryant's indemnification claim, "because the law is well-established

that a municipality cannot be held liable for the intentional torts or misconduct of its employees under Connecticut law." *Id*. at 4. Mr. Bryant has not responded to the City's motion.

The Court agrees with the City that any reference to Mr. Bryant's indemnification claim only would be appropriate after the jury resolves the threshold issue of liability as to Officer Fogg and Detective Salkeld.

Accordingly, the Court will grant the City's motion as to the resolution of Mr. Bryant's negligence claims. If, however, these Hartford Police Officers assert an inability to pay a damages award, the Court will permit Mr. Bryant to seek to introduce rebuttal evidence of indemnification.

### C.  Plaintiff's Motion *in Limine* Re: Peremptory Challenges

In a civil case, each party is entitled to three peremptory challenges. 28 U.S.C. § 1870; Fed. R. Civ. P. 47(b). Where there is more than one plaintiff or defendant, "[s]everal defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly." 28 U.S.C. § 1870; *LNC Invs., Inc. v. First Fid. Bank*, No. 92-CV-7584 (CSH), 2000 WL 1118898, at *2 (S.D.N.Y. Aug. 8, 2000) (factor that "might militate in favor of additional challenges" for several defendants is whether, on plaintiff's theory, "one defendant might be held liable and the other not").

Mr. Bryant moves *in limine* to request that the Court "grant an equal number of [peremptory] challenges to the plaintiff [ ] as the three defendants." Mot. in Lim. Request for Additional Peremptory Challenges at 1, ECF No. 121 (Nov. 16, 2021). In addition to his claims against the Hartford Police Officers, Mr. Bryant has brought an indemnification claim against the City of Hartford under Conn. Gen. Stat. § 52-577n.

Because the Court intends to seat eight jurors rather than the statutory minimum of six jurors, the Court intends to give each party four peremptory challenges. The Court also considers all of the remaining defendants as a single party for peremptory challenges purposes.

Accordingly, the Court will grant the motion and permit the Defendants, with all of the Defendants together constituting a single party, to exercise a total of four peremptory challenges, and Mr. Bryant to exercise a total of four peremptory challenges as well.

### D.  Plaintiff's Motion *in Limine* Re: Prior Convictions

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1). The applicability of these rules is limited, however, by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] . . . [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . . ." Fed. R. Evid. 609(b)(1). In reviewing the admissibility of convictions under Rule 609(b), courts must "make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *Jones v. N.Y. City Health & Hosps. Corp.*, 102 F. App'x 223, 226 (2d Cir. 2004) (summary order) (quoting *United States v. Maher*, 579 F.2d 730, 734 (2d Cir. 1978)).

Mr. Bryant moves *in limine* to exclude his prior convictions for Assault in the First Degree in violation of Connecticut General Statute § 53a-59, Possession of Narcotics with Intent to Sell in violation of Connecticut General Statute § 53a-59, and "any other conviction more than

ten years old." Mot. to Exclude Convictions of the Pl. at 1, ECF No. 122 (Nov. 16, 2021).

Defendants object to these exclusions; they argue that Mr. Bryant's conviction for Assault in the

First Degree occurred within ten years of the "incidents herein," and that the probative value of

admitting the conviction outweighs any prejudicial effect. Def. Officers' Fogg's and Salkeld's

Obj. to Pl.'s Mot. in Lim. to Exclude Convictions of the Pl. at 1, ECF No. 140 (Dec. 14, 2021).

Defendants contend that Mr. Bryant was convicted of Assault in the First Degree in July

2006, and released from prison in 2013. Def. Officers' Fogg's and Salkeld's Obj. to Pl.'s Mot. in

Lim. to Exclude Convictions of the Pl. at 1, ECF No. 140 (Dec. 14, 2021). Assuming Mr. Bryant

was released from prison in 2013, less than ten years have passed since his release from

confinement, and Rule 609(b) would not apply to this conviction. *See Jeanty v. Cerminaro*, No.

6:16-cv-00966 (BKS/TWD), 2021 WL 2778572, at *2 (N.D.N.Y. July 2, 2021) ("[C]ourts in this

Circuit typically measure [Rule 609(b)'s] ten-year lookback period from the time of trial.");

*United States v. Bumagin*, 136 F. Supp. 3d 361, 377 (E.D.N.Y. 2015) ("Rule 609(b) is not

implicated by these convictions[,] as Defendant was release[d] from incarceration . . . less than

ten years before trial will begin in this case.").

Mr. Bryant has not indicated, however, the date of his conviction or release from

confinement for any of the convictions identified in his motion. As a result, the Court is unable

to determine at this stage the appropriate standard under Rule 609 or whether the probative value

of the conviction is substantially outweighed by a danger of unfair prejudice. *See Hartman v.

Snelders*, No. 04-CV-1784 (CLP), 2010 WL 11626508, at *12 (E.D.N.Y. Jan. 28, 2010)

(determining that convictions implicate Rule 609(b), and, after "review[ing] the record,"

concluding that the probative value of the convictions does not substantially outweigh their

prejudicial effect).

Accordingly, the Court will reserve judgment on the admissibility of Mr. Bryant's prior convictions and deny the motion without prejudice to renewal at trial.

### E.  Plaintiff's Motion *In Limine* Re: Officer Testimony

Mr. Bryant moves *in limine* to preclude the testimony of Defendants' expert witness, Daniel Wicks, under Rule 702 of the Federal Rules of Evidence. Fed. R. Evid. 702. In the parties' Joint Trial Memorandum, Officer Fogg and Detective Salkeld state that Mr. Wicks, a former police officer, "is expected to testify in accordance with the disclosure of expert testimony, namely, his knowledge and experience with use of force training and principles, his instruction on those topics and whether the force at issue was in accordance with such training and principles." Joint Trial Mem. at 8. Mr. Bryant argues that Mr. Wicks would "simply subsitut[e] his opinion for that of the jury," and "provide[s] no scientific or technical evidence and has no particular training or expertise in the areas addressed by his opinion." Mot. in Lim. to Exclude the Test. of Def.'s Expert Daniel Wicks at 1, ECF No. 123 (Nov. 16, 2021).

Based on Officer Fogg and Detective Salkeld's statements in the Joint Trial Memorandum, it is not clear whether the Hartford Police Officers, in disclosing Mr. Wicks as an expert, provided an expert report, as is generally required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2)(B); *see also* Scheduling Order, ECF No. 58 (Dec. 5, 2019) (expert designations and expert reports due by January 31, 2020).

In the absence of an expert report, the Court is unable to determine the substance of Mr. Wick's testimony. As a result, "it is impossible for the [C]ourt to say, without more information, whether th[is] witness[] would qualify as [an] expert witness[]." *Pitterman v. Gen. Motors LLC*, No. 3:14-CV-00967 (JCH), 2016 WL 2892537, at *3 (D. Conn. May 17, 2016) (granting motion to exclude witnesses from testifying as experts, even where expert report was not required,

because the disclosures "do not adequately provide 'a summary of the facts and witnesses to which the witness is expected to testify'" (quoting Fed. R. Civ. P. 26(a)(2)(C))).

Accordingly, the Court will deny Mr. Bryant's motion to preclude Mr. Wicks' testimony as an expert witness, without prejudice to renewal at the time of trial.

### F.  Plaintiff's Motions *in Limine* Re: Video Footage

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). And "[t]he Court has the ultimate discretion on whether to preclude witnesses from testifying at trial [under] Rule 37(c)(1)." *Leong v. 127 Glen Head Inc.*, No. CV135528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal citations and quotation marks omitted). When considering whether to preclude evidence or witness testimony, district courts in this Circuit are instructed to assess several factors, including "the party's explanation for the failure to disclose," "the importance of the evidence to be precluded," "the prejudice suffered by the opposing party if the evidence were not precluded," and "the possibility of a continuance." *Widman v. Stegman*, No. 3:13-CV-00193 (BKS/DEP), 2015 WL 13832105, at *4 (N.D.N.Y. Apr. 28, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Mr. Bryant moves *in limine* to preclude the admission of a cell phone video included in Defendants' amended exhibit list, which he argues Defendants "just disclosed," and which "show[s] the plaintiff talking, with garbled audio and no time or date stamp, in a hospital gown, unhandcuffed in violation of Hartford Police Department Regulations, at the Hospital, illegally smoking cigarettes provided by the police." Pl. Mot. to Exclude Exs. at 1. Defendants oppose the motion. Defs.' Opp'n to Mot. to Exclude Exs. They argue that the video is "relevant and

probative" of the issues at trial, and that it is admissible as an admission against interest under

Federal Rule of Evidence 804(b)(3). *Id*. at 1.

Other than to state that "the video was just discovered by counsel for the defendants,"

Defendants do not explain how they discovered it now, and why they had not discovered it

before now, rather than before the close of discovery. *Id*. Their cursory explanation falls short of

a substantial justification. *See Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir.

2008) (summary order) (affirming exclusion of evidence where plaintiff's counsel "d[id] not

explain why he failed to identify Sheehan as a potential witness . . . before [the defendant] filed

its [summary judgment] motion"); *Patterson*, 440 F.3d at 117 (district court properly excluded

witnesses where defendants' counsel failed to explain "what the witnesses' testimony would

be").

It also is not harmless as the disclosure of this alleged evidence results in the calling of

additional witnesses, such as the videographer. *See* Pl.'s Am. Witness List, ECF No. 131 (Nov.

19, 2021). Moreover, there may be issues with respect to whether the video is sufficiently

probative of the issues in this case. To the extent that the video shows Mr. Bryant talking, "with

garbled audio and no time or date stamp," at the hospital, this may be after the events that are the

subject of the claims at issue here. *See Highland Cap. Mgmt.*, *L.P.*, 551 F. Supp. 2d at 197

(excluding evidence or testimony proffered by the defendants because "[t]he evidence . . . is not

probative of any relevant issue remaining in this case").

Accordingly, the Court will grant Mr. Bryant's motion to preclude the cell phone video

identified in Defendants' amended exhibit list.

**G.  Plaintiff's Motion to Amend and Amended Exhibit and Witness Lists**

Mr. Bryant moves to amend his exhibit list to include a "[m]ap of [d]owntown Hartford and the [n]orthend of Hartford," Pl.'s Am. Ex. List, ECF No. 129 (Nov. 18, 2021), as well as materials relating to the City of Hartford's general revenue and expenditures, Pl.'s Am. Ex. List, ECF No. 136 (Nov. 29, 2021). In addition, Mr. Bryant proposes to amend his witness lists to include (1) Attorney Corey Brinson, Attorney Richard Rubino, and a "[v]ideographer of the [c]ell phone video of the plaintiff at the [p]olice [s]ubstation at Quirk Middle School just disclosed by the defendants," Pl.'s Am. Witness List, ECF No. 131 (Nov. 19, 2021); (2) Detectives Mark Rostkowski and Daniel Blume, Pl.'s Am. Witness List, ECF No. 133 (Nov. 22, 2021); and (3) Connecticut State Representative Brandon McGhee, Attorney Sydney Shulman, and Abdul-Shahid Muhammed Ansari, President of the Hartford Chapter of the NAACP, Pl.'s Am. Witness List, ECF No. 135 (Nov. 26, 2021).

Defendants move to preclude Mr. Bryant from introducing "any evidence or witnesses contained in his Amended Witness List and Exhibit Lists," which they argue "is an inappropriate attempt to introduce evidence on [Mr. Bryant's] dismissed *Monell* and [Conn. Gen. Stat.] § 7-465 claims." City of Hartford Opp'n at 1; Def. Officers' Fogg's and Salkeld's Obj. to Pl.'s Am. Witness and Ex. List and Mot. to Preclude Evid., ECF No. 138 (Dec. 3, 2021) (joining the City's objection in full).

The Court agrees, in part.

Mr. Bryant has not responded to Defendants or otherwise provided an explanation for his failure to disclose the identities of the witnesses in his amended exhibit lists. Moreover, it is not clear how these additional witnesses, including a state representative and officer of the NAACP, bear on the remaining claims at issue in this case. To the extent the videographer of the cell phone video disclosed by the Defendants is relevant to Mr. Bryant's claims, this witness is

inadmissible in light of the Court's exclusion of the cell phone video identified in Defendants' amended exhibit list.

Accordingly, the Court will grant Defendants' motion to preclude the testimony of the individuals in Mr. Bryant's amended witness lists. *See Haas*, 282 Fed. App'x at 86; *Patterson*, 440 F.3d at 117.

With respect to Mr. Bryant's proposed exhibits, the Court will reserve judgment on the admission of any information pertaining to the City of Hartford's revenue and expenditures. Even assuming a proper foundation for the revenue data is laid, the probative value of this evidence may be outweighed by the risk of prejudice to the City or precluded under Rule 411. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."). In the absence of an objection from the Defendants, Court will provisionally allow, however, Mr. Bryant to introduce the map of the City of Hartford, subject to the laying of a proper foundation for this exhibit at trial. *See King v. Wang*, No. 14-CV-7694 (LJL), 2021 WL 5283950, at *4 (S.D.N.Y. Nov. 12, 2021) (permitting introduction of evidence that was not timely disclosed given its importance, and because "Defendants have not identified any significant prejudice if Plaintiffs are allowed to pursue this . . . theory at trial").

## IV.    CONCLUSION

For the foregoing reasons, Defendants Officer Fogg and Detective Salkeld's [118] Motion *in Limine* is **GRANTED IN PART** as to the exclusion of references to Black Lives Matter and nationally publicized incidents of police misconduct, the testimony of witnesses not previously disclosed during discovery, and testimony and other evidence relating to the events on which summary judgment has been granted, and **DENIED IN PART** as to testimony or other

evidence on Defendants' past uses of force, disciplinary history, and prior lawsuits, without prejudice to renewal at trial.

The City of Hartford's [119] Motion *in Limine* to exclude any references to the remaining indemnification claim against it is **GRANTED**.

Mr. Bryant's [121] Motion *in Limine* for additional peremptory challenges is **GRANTED**; [122] Motion *in Limine* to exclude his convictions that are more than ten years old is **DENIED**, without prejudice to renewal at trial; [123] Motion *in Limine* to exclude the testimony of Defendants' expert Daniel Wicks is **DENIED**, without prejudice to renewal at trial; and [126] Motion *in Limine* to exclude previously undisclosed cell phone video footage is **GRANTED**. Mr. Bryant's [129] Motion to Amend/Correct the Exhibit List to include a map of certain areas of the City of Hartford is **GRANTED**, subject to the conditions described above.

Defendants' [137] motion to preclude the witnesses and evidence identified in Mr. Bryant's amended witness and exhibit lists is **GRANTED**. These additional witnesses and evidence are precluded, with the exception of information pertaining to the City of Hartford's revenue and expenditures, which is **DENIED** without prejudice to renewal at trial.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of February, 2022.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge